NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAO YE BAI, | No.   23-2216 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-2042-KJD-NJK |
| v. | |
| BRIAN WILLIAMS, et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 1, 2025**
San Francisco, CA

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Xiao Ye Bai ("Bai") appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253. Relief on a § 2254 habeas claim is not warranted unless:

> adjudication of the claim (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established Federal law, as

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation and internal quotation marks omitted). Reviewing "the denial of a Section 2254 habeas corpus petition de novo and any underlying factual findings for clear error," we affirm. *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022) (citation omitted).[1]

In this appeal, Bai raises five claims alleging due process and fair trial violations. First, Bai challenges the denial of his request for continuance to obtain testimony from his father. Second, Bai claims that the trial court unreasonably excluded certain expert testimony. Third, Bai challenges the admission of evidence that he worked as a hitman and photographic evidence that Bai had dressed as a video game character from a game titled "Hitman." Fourth, Bai claims that the prosecution committed misconduct by stating that Bai killed people for a living. Fifth, Bai argues that the cumulative error from the violations rendered his trial fundamentally unfair. We address each claim in turn.

---

[1] Because the facts and procedural history are well known to the parties, we recount them only as needed to explain our decision.

**1.** The Nevada Supreme Court's decision upholding the trial court's denial of Bai's continuance request to secure his father's testimony during the guilt phase trial was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

Bai received the benefit of nearly three years of continuances during which he could have secured his father's testimony. Before denying Bai's final request for a lengthy continuance, the trial court indicated a willingness to grant a four-week continuance to permit Bai to obtain video testimony from his father, but Bai declined. Further, Bai could and did present his desired defense through other witnesses, and to the extent the father's testimony bore on penalty, Bai was not prejudiced because the jury declined to return a death sentence. In sum, the denial of Bai's trial continuance request for the guilt phase did not constitute an "extreme malfunction[] in the state criminal justice system" so as to warrant habeas relief now. *Mays v. Hines*, 592 U.S. 385, 391 (2021).

**2.** Bai's claim that the exclusion of two improperly noticed experts was unconstitutional fails under AEDPA's deferential standard of review. *See* 28 U.S.C. § 2254(d).[2]

---

[2] Respondents contend that the district court did not issue a certificate of appealability ("COA") for Bai to appeal the exclusion of his expert witnesses at issue here. We disagree and address the merits of the claim. *See Rhoades v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010) ("We are to resolve doubts about the propriety of a COA in the petitioner's favor").

"A defendant's [constitutional] right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions," such as evidentiary and procedural rules. *United States v. Scheffer,* 523 U.S. 303, 308 (1998). The Supreme Court has indicated its approval of "well-established rules of evidence [that] permit trial judges to exclude evidence." *Holmes v. South Carolina,* 547 U.S. 319, 326 (2006).

Nevada's evidentiary rules require that parties disclose certain information regarding proposed expert witness testimony prior to trial, including the subject matter on which the witness is expected to testify and the substance of the testimony. *See* NRS 174.234(2)(a). Bai did not comply with Nevada's rules. As such, the Nevada Supreme Court's decision to uphold those rules was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2); *see Scheffer,* 523 U.S. at 308.

Moreover, the Supreme Court cases on which Bai relies are inapposite. 28 U.S.C. § 2254(d)(1). Unlike those cases, the Nevada state law, NRS 174.234(2)(a), does not exclude an entire category of witnesses, *see Washington v. Texas*, 388 U.S. 14, 22–23 (1967) (finding a state law prohibiting principles and accomplices from testifying unconstitutional), nor an entire category of testimony, *see e.g. Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (finding a state law prohibiting a defendant from impeaching his own witness unconstitutional); *Rock v. Arkansas*,

4

483 U.S. 44, 45 (1987) (finding a state law prohibiting admission of hypnotically refreshed testimony unconstitutional); *Crane v. Kentucky*, 476 U.S. 683, 691 (1986) (finding that the state court erred in foreclosing petitioner's efforts to introduce testimony simply because the topic of testimony was about the issue of voluntariness).

**3.** Under AEDPA's deferential standard of review, the Nevada Supreme Court's decision upholding the trial court's ruling permitting the prosecution to introduce evidence that Bai worked as a hitman was neither contrary to nor an unreasonable application of clearly established law, nor based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The introduction of evidence that is so unduly prejudicial that it renders the trial fundamentally unfair violates the Due Process Clause. *See Andrew v. White*, 145 S.Ct. 75, 80 (2025) (per curiam) (citing *Payne v. Tennessee*, 501 U. S. 808, 825 (1991)). However, "nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence." *Estelle v. McGuire*, 502 U.S. 62, 70 (1991).

A "fairminded jurist" could conclude that evidence that Bai worked as a hitman and the photographic evidence were relevant to his motive. *Richter*, 562 U.S. at 101; *see Spencer v. State of Tex*., 385 U.S. 554, 560 (1967) (holding that evidence of prior crimes does not violate due process "when it is particularly

5

probative in showing such things as intent . . . [or] motive"). Thus, the Nevada Supreme Court's decision upholding their admission was not contrary to, or involved in an unreasonable application, of clearly established law. 28 U.S.C. § 2254(d)(1).

Furthermore, the Nevada Supreme Court reasonably determined that the evidence of Bai's guilt and requisite mens rea in this case was so overwhelming that the hitman evidence was not substantial enough that its exclusion would have changed the jury's verdict. 28 U.S.C. § 2254(d)(2); *see Fry v. Pliler*, 551 U.S. 112, 119 (2007) ("[W]hen a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable.").

**4.** Even assuming that the Nevada Supreme Court's decision regarding Bai's claim of prosecutorial misconduct during the penalty phase trial's closing argument is not entitled to AEDPA deference,[3] Bai's claim still fails under de novo review. *See Berghuis v. Thompkins*, 560 U.S. 370, 372 (2010) ("Courts can . . .

---

[3] As the district court explained, the Nevada Supreme Court incorrectly relied upon the "overwhelming" guilt phase evidence to find harmless error regarding the prosecutor's penalty phase closing argument comment. By the penalty phase trial, guilt had already been determined. Because the Nevada Supreme Court unreasonably conflated the guilt phase and the penalty phase, the district court concluded that the Nevada Supreme Court is not entitled to AEDPA deference.

deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies.").

Under de novo review, whether a prosecutor's comment denies a petitioner due process turns on whether the comment "infected the trial with unfairness." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The petitioner is not entitled to habeas relief unless the "error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 622–23 (1993) (citation and internal quotation marks omitted).

During the penalty phase trial's closing arguments, the prosecution stated that Bai has killed people "for a living." Even if the prosecutor's comment was impermissible, the trial court's jury instructions cured any potential issue of prejudice. *Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986) (concluding that a factor of *Donnelly*'s fairness analysis is whether the trial court gave curative instruction); *see Penry v. Johnson*, 532 U.S. 782, 799 (2001) (concluding if a cautionary instruction is given by the trial court, the jury is presumed to follow it). Moreover, the prosecutor's comment did not substantially and injuriously influence the jury's verdict. *Brecht*, 507 U.S. at 622–23. Even after hearing the prosecutor's comment, the jury rejected the prosecution's arguments for the death penalty and sentenced Bai to life without parole.

**5.** Finally, Bai claims that the cumulative effects of the trial court's rulings and prosecutorial misconduct resulted in the denial of Bai's constitutional rights.

Cumulative error warrants habeas relief only where the errors have so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Chambers*, 410 U.S. at 290, 298, 302–03. Infection to that effect only "occurs where the combined effect of the errors had a 'substantial and injurious effect or influence on the jury's verdict.'" *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Brecht*, 507 U.S. at 637).

Given that we find no error, this claim fails.

**AFFIRMED.**